UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTHER VAN DER WERF, an individual**<br>10338 Ojai Santa Paula Rd<br>Ojai, CA 93023<br><br>**TOBY STOVER, an individual**<br>81 Clove Valley Rd<br>High Falls, New York 12440,<br><br>**ELIZABETH DASBURG, an individual**<br>1188 Jessica Drive SE<br>Darien, GA 31305,<br><br>                      **Plaintiffs,**<br><br>                      v.<br><br>**NATIONAL PARK SERVICE, U.S. DEPARTMENT OF THE INTERIOR, and CHARLES F. SAMS III, in his official capacity as Director of the National Park Service,**<br><br>                      **Defendants.** | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COME NOW Plaintiffs Esther van der Werf, Toby Stover, and Elizabeth Dasburg, (collectively, "Plaintiffs"), by and through their attorney, to file their Complaint seeking Declaratory Relief.

I.    **INTRODUCTION**

      1.    Having implemented and expanded a cashless entrance-fee payment scheme ("NPS Cashless"), Defendant, National Park Service ("NPS") no longer accepts American money at approximately twenty-nine national parks, national historic sites, national monuments, and national historic parks around the country. U.S. Currency is legal tender for all public charges pursuant to 31 U.S. Code § 5103. Thus, NPS' refusal to accept U.S. Currency tendered

for entrance fees constitutes a clear violation of federal law.[1]

2. NPS denies those without bank accounts (estimated to be 5.9 million American households) and the underbanked households without credit cards[2] – as well as Plaintiffs asserting their lawful right to pay in cash – access to the following NPS sites (the "Subject Locations") among many others:

    a. Organ Pipe Cactus National Monument – a 330,000 acre monument that was set aside in 1937 to preserve a pristine example of Sonoran Desert to preserve the northern-most natural habitat of the Organ Pipe Cactus, as well as amazing examples of desert plants, animals, geology, and human history.[3]

    b. Tonto National Monument – showcases cliff dwellings, colorful pottery, woven cotton cloth, and other artifacts tell a story of people living and using resources from the northern Sonoran Desert from 1250 to 1450 CE.[4]

    c. Saguaro National Park – home to the nation's largest cacti; the universal symbol of the American west and are found only in a small portion of the United States.[5]

    d. Roosevelt-Vanderbilt NHS in Hyde Park, New York – comprised of three historic sites, including the Home of Franklin D. Roosevelt. The Roosevelt home is

---

[1] *31 U.S. Code § 5103 - Legal tender*, CORNELL LAW SCHOOL, Legal Information Institute, https://www.law.cornell.edu/uscode/text/31/5103#:~:text=United%20States%20coins%20and%20currency,not%20legal%20tender%20for%20debts (last visited 3/5/24).

[2] *Analysis – 2021 FDIC National Survey of Unbanked and Underbanked Households*, FDIC.GOV (last updated Jul 24, 2023) https://www.fdic.gov/analysis/household-survey/index.html.

[3] *Organ Pipe Cactus National Monument Arizona*, NATIONAL PARK SERVICE, https://www.nps.gov/orpi/planyourvisit/basicinfo.htm (last visited 3/5/24).

[4] *Tonto National Monument Arizona*, NATIONAL PARK SERVICE, https://www.nps.gov/tont/index.htm (last visited 3/5/24).

[5] *Saguaro National Park Arizona*, NATIONAL PARK SERVICE, https://www.nps.gov/sagu/index.htm (last visited 3/5/24).

where the longest-serving president of the United States often returned to renew his spirit during times of personal and political crisis, is situated on over a thousand acres of gardens and trails; and

e. Fort Pulaski National Monument in Savannah, Georgia – where the Union army compelled a Confederate garrison to surrender. [6]

3. NPS has foreclosed access to the Subject Locations (among many other NPS sites) to Plaintiffs who assert their lawful right to tender cash to enter. NPS's violation of federal law cannot be overlooked in favor of any purported benefit NPS Cashless could hope to achieve such as reducing logistics of handling cash collected. Moreover, there is an increased cost to the NPS in going cashless, such as additional processing fees that will be borne by NPS and by visitors who ultimately fund the Federal Government through taxes, in addition to personal surcharges and bank fees visitors may incur under NPS Cashless policy. However, Plaintiffs do not ask the Court to prohibit NPS from accepting credit cards, debit cards, or digital payment methods (such as ApplePay) should visitors to NPS sites prefer to use them. Rather, Plaintiffs ask the Court to restore entrance to NPS sites to those who cannot access non-cash payment methods (and those who choose not to) by declaring NPS Cashless to be unlawful.

## II.   JURISDICTION AND VENUE

4. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, because the case presents an actual case or controversy within the Court's jurisdiction.

---

[6] *Fort Pulaski National Monument Georgia*, NATIONAL PARK SERVICE, https://www.nps.gov/fopu/index.htm (last visited 3/5/24).

3

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(e)(1) because Defendant NPS is a governmental agency with its principal office located within the District of Columbia and officers or employees of the United States acting in their official capacity.

7. This Court has authority to award attorneys' fees and costs pursuant to 28 U.S.C. § 2412(b) and 28 U.S.C. § 1331 (federal question).

### III. PARTIES

8. Plaintiff Esther van der Werf is over 18 years old and is a resident of Ventura County, California, with a residence address of 10338 Ojai Santa Paula Rd Ojai, CA 93023, who received unequivocal, written notification from Defendant National Park Service (NPS) that she will not be permitted to enter each of the following three NPS locations that she was set to visit – Saguaro National Park, Organ Pipe Cactus National Monument, and Tonto National Monument – after her stated intent to tender U.S. Currency.

9. Plaintiff Toby Stover is over 18 years old and is a resident of Ulster County, New York. Her residence address is 81 Clove Valley Rd, High Falls, New York 12440. She was denied entrance on January 26, 2024 to Roosevelt-Vanderbilt National Historic Site after tendering cash.

10. Elizabeth Dasburg is over 18 years old and is a resident of McIntosh County, GA, with a residence address of 1188 Jessica Drive SE, Darien, GA 31305. She was informed by Defendant NPS in writing that she will not be admitted to Fort Pulaski National Historic Site if she exercises her lawful right to tender U.S. Currency to satisfy NPS' entrance-fee requirement.

11. Defendant National Park Service is a federal agency charged with managing national parks, most national monuments, and other natural, historical, and recreational properties. NPS is an agency of the United States Department of the Interior as defined by 5 U.S.C. § 552(f)(1). The U.S. Congress created NPS on August 25, 1916, through the National

Park Service Organic Act.[7] NPS is headquartered in Washington, D.C., within the main headquarters of the Department of the Interior. The agency is further charged with complying with all applicable federal laws.

12. Defendant U.S. Department of the Interior, headquartered in Washington, D.C., is a "federal agency" as within the meaning of 28 U.S.C. § 2671 and directly oversees the National Park Service. The agency is further charged with complying with all applicable federal laws.

13. Defendant Charles F. Sams, III is the Director of the National Park Service. As Director, he has the ultimate responsibility to ensure the agency complies with all applicable federal laws. Plaintiffs sue Defendant Sams in his official capacity.

## IV.   APPLICABLE LAW

14. 31 U.S.C. § 5103 establishes that "United States coins and currency (including Federal Reserve Notes and circulating notes of Federal Reserve Banks and national banks) are legal tender for all debts, **public charges**, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." (Emphasis supplied).

15. The Constitution gives Congress the enumerated power "[t]o coin Money, [and to] regulate the Value thereof." U.S. Const. art. I, § 8, cl. 5.[8] Thus, Congress' authority to "establish a national currency, either in coin or in paper, and to make that currency lawful money for all

---

[7] *National Park Service Organic Act and its Implementation Through Daily Park Management*, U.S. DEPARTMENT OF THE INTERIOR (Dec. 14, 2005), https://www.doi.gov/ocl/nps-organic-act#:~:text=The%20Organic%20Act%2C%20enacted%20in,with%20a%20resource%20protection%20goal (last visited 3/5/24).

[8] *ArtI.S8.C5.1 Congress's Coinage Power*, CONSTITUTION ANNOTATED, https://constitution.congress.gov/browse/essay/artI-S8-C5-1/ALDE_00001066/#:~:text=Article%20I%2C%20Section%208%2C%20Clause,Weights%20and%20Measures%3B%20.%20.%20.&text=National%20Bank%20v (last visited 3/5/24).

purposes, as regards the national government or private individuals"[9] is founded on that clause and its related enumerated and implied powers. Pursuant to that authority, Congress has declared that, "United States coins and currency (including Federal Reserve Notes and circulating notes of Federal Reserve Banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. Numerous courts have recognized Federal Reserve Notes as legal tender for any debt or public charge. *See, e.g.*, *Strickland v. A Mortgage Co. (In re Strickland)*, 179 B.R. 979, 981 (Bankr. NDGA 1995). Federal Reserve Notes are "[t]he paper currency in circulation in the United States," Black's Law Dictionary 688 (9th ed. 2009), or, more practically speaking, the green paper bills that we carry in our wallets.[10]

16. NPS charges an "entrance fee" to enter onto certain lands managed by the National Park Service.[11] NPS' authority to collect fees is based on the Property Clause in the U.S. Constitution (art. IV, § 3, cl. 2) which provides "Congress the authority to acquire, dispose of, and manage federal property. NPS has a dual mission – to preserve unique resources and to provide for their enjoyment by the public."[12]

17. Not only does NPS Cashless violate APA 5 U.S.C. § 706(2)(A) and 31 U.S.C. § 5103, it violates NPS' mission to provide the public access to and enjoyment of the NPS parks, sites, and resources.

V. FACTS

18. Defendants, and each of them, are responsible for their part in violating federal law in implementing NPS Cashless and causing harm to Plaintiffs.

---

[9] Legal Tender Case (*Julliard v. Greenman*), 110 U.S. 421, 448 (1884).

[10] *Miller v. Madison*, 2013 U.S. Dist. LEXIS 70857, *13-14 (NDNY 2013)

[11] 16 U.S.C. § 6801(3).

[12] *The Federal Land Management Agencies*, CONGRESSIONAL RESEARCH SERVICE, IN FOCUS (updated Feb. 16, 2021), https://sgp.fas.org/crs/misc/IF10585.pdf

19. Plaintiff Toby Stover Drove to the NPS entrance at the FDR home in Hyde Park, New York on January 26, 2024. At 3 p.m., she approached the gate. A man in a NPS uniform was standing at the entrance and welcomed her. He asked her if she would like to take the 3:30 tour. She replied that she would. He asked for $10 which she attempted to hand to him. He affirmed "we don't take cash" and would not permit her to enter. She was refused entry by a NPS employee even though she tendered U.S. Currency.

20. Plaintiff Esther van der Werf planned a trip to visit three national parks and enter after tendering cash. She received, on Jan. 27, 2024 at 7:31 a.m., NPS' response to one email inquiry stating: "Tonto National Monument's entrance fees may not be paid by cash or check." On Jan 27, 2024 at 12:44 p.m., she received a written response from Saguaro National Park to her inquiry stating: "We do not have the capability to accept cash. On your way to Arizona, you might be able to stop at a park that does accept cash and purchase an Interagency Annual pass." On Feb 1, 2024 at 1:29 p.m., Organ Pipe National Monument responded in writing to her inquiry regarding satisfaction of the entrance-fee requirement with U.S. Currency as follows: "We do not accept cash for those transactions. At the visitor center we only accept card transactions. Take care. . ."

21. Elizabeth Dasburg sent an email to Fort Pulaski National Historic Site asking how she could enter if she only had cash to pay the entrance fee. On March 3, 2024 at 12:10 p.m., she received a written response stating: "The switch to debit/ credit card only was a permanent change that went into effect back in 2020. If you only have cash, you can go to the local grocery stores or big chains like Walmart to purchase a gift card. Since those are cards, we can accept them in leu [sic] of cash."

**FIRST CAUSE OF ACTION**
**(AS TO ALL DEFENDANTS)**
**VIOATION OF THE ADMINISTRATIVE PROCEDURES ACT**
**FAILURE TO ABIDE BY 5 U.S.C. § 706(2)(A) AS CONTRARY TO U.S. LAW**
**(31 U.S.C. § 5103)**

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23. Defendants' conduct violates the APA 5 U.S.C. § 706(2)(A):

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall— (2) hold unlawful and set aside agency action . . . not in accordance with law.

24. The federal legal tender statute, 31 U.S.C. §5103, represents a complete scheme of regulation that allows the use of Federal Reserve Notes as legal tender for all private charges and public fees, including the entrance fee at NPS' Subject Locations. Pursuant to Article I, § 8, cl. 5 of the Constitution of the United States, Congress has the power to coin money and regulate its value. Congress has established a uniform national currency, with a defined legal value, and requires its acceptance as legal tender. NPS' conduct constitutes final agency action and is subject to review by the court since NPS cashless is already in place. NPS Cashless is contrary to law – a violation 31 U.S.C. §5103.

25. The Administrative Procedures Act authorizes judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."[13] That is the case here since judicial review is authorized and Plaintiffs have no other remedy other than to seek declaratory relief.

26. Congress, in enacting the federal legal tender statute, has enacted a complete scheme of regulation that preempts NPS Cashless.

---

[13] 5 U.S.C. § 704.

27. Even though United States law obligates NPS to accept cash for public charges such as entrance fees, Plaintiffs are unable to visit the Subject Locations due to the NPS Cashless policy if they exercise their right to pay in U.S. Currency.

28. NPS Cashless is inconsistent with NPS' mission to provide for their enjoyment by the public[14] and is a violation of APA 5 U.S.C. § 706(2)(A) and 31 U.S.C. § 5103. NPS cashless is contrary to law since American money is not accepted as legal tender to visit the nation's treasures and must be set aside.

## SECOND CAUSE OF ACTION
### (AS TO ALL DEFENDANTS)
### DECLARATORY JUDGMENT UNDER
### 28 U.S.C. §§ 2201, 2202; and Fed. R. Civ. P. 57

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiffs are entitled to declaratory judgment under 28 U.S.C. § 2201(a). "To invoke the Declaratory Judgment Act, a plaintiff must demonstrate that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *United Gov't Sec. Officers of Am., Local 52 v. Chertoff,* 587 F. Supp. 2d 209, 222 (D.D.C. 2008)

31. Absent NPS Cashless, Plaintiffs would be able to enter these national parks. Defendants can offer no lawful justification for the harm NPS Cashless has caused Plaintiffs. NPS' violation of federal law constitutes a substantial controversy as the harm to Plaintiffs is immediate and ever-present. As such, Plaintiffs are entitled to declaratory judgment as NPS Cashless is unlawful as it is a violation of federal law.

32. Declaratory relief is therefore appropriate to resolve this controversy since no alternative remedy exists.

---

[14] *The Federal Land Management Agencies, supra,* https://sgp.fas.org/crs/misc/IF10585.pdf.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor that provides the following relief:

i. Declaratory judgment setting aside NPS Cashless since it violates 5 U.S.C. § 706(2)(A) as it is contrary to U.S. law (31 U.S.C. § 5103).

ii. Costs and reasonable attorneys' fees incurred in this action; and

iii. Such other and further relief as the Court deems just and proper.

Date:   March 6, 2024

Ray L. Flores II, Attorney at Law
11622 El Camino Real Suite 100
San Diego, CA 92130
California State Bar Number: 233643
D.C. District Court I.D. No.: CA00173
Phone: (858) 367-0397
Email: rayfloreslaw@gmail.com