UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER VAN DER WERF, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PARK SERVICE, et al.,<br><br>Defendants. | Civil Action No. 24-0639 (TJK) |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants the National Park Service, its Director, Charles F. Sams, III, and the Department of the Interior, by and through undersigned counsel, file this memorandum in support of their motion to dismiss the Complaint in this action. The Complaint contends that an alleged program of the Park Service to accept only non-cash payment methods for park entrance fees is contrary to law and thus should be set aside under the Administrative Procedures Act ("APA").

As discussed below, the Complaint should be dismissed on two threshold grounds. First, Plaintiffs fail to allege that they personally lack access to non-cash payment methods and thus have not plausibly alleged that they have been harmed by the challenged policy as is necessary to establish their standing to sue. Second, Plaintiffs have failed to state a claim on which relief can be granted because the statute on which they rely to characterize the alleged cashless program as unlawful, 31 U.S.C. § 5103, does not require the Park Service to accept cash for the services it provides.[1] *See, e.g., Picano v. Emerson*, 353 F. App'x 733, 735 (3d Cir. 2009) ("None of the cases

---

[1] Although Plaintiffs bring an APA claim, the production of an administrative record at this stage is unnecessary—the United States seeks to dismiss this case not based on an administrative record, but instead based on the allegations in the Complaint. *See US Inventor, Inc. v. Patent & Trademark Off.,* Civ. A. No. 22-2218 (JDB), 2023 U.S. Dist. LEXIS 119316, at *27 (D.D.C. July

cited by plaintiff stands for the proposition that § 5103 requires a local government (or any other entity) to accept payment in cash, and no court has so held.")

## BACKGROUND

Plaintiffs are three adult individuals who each allege that they desired to tender cash to pay the entrance fee at certain sites managed by the National Park Service and were advised that cash was not accepted at those specific locations.  (Compl. ¶¶ 19-21)  Based on these limited examples, Plaintiffs allege that the Park Service has enacted a "cashless entrance-fee payment" program that requires parks to accept only non-cash methods of payment.  (*Id.* ¶¶ 1-2)  Recognizing that, at the motion to dismiss stage, the Court must accept as true the allegations in the Complaint and draw all reasonable inferences in favor of the Plaintiffs, Defendants are not addressing that incorrect assertion in this motion but reserve the right to do so at a later date were this case to proceed beyond the pleadings stage.

But even were such a cashless program to exist, none of the Plaintiffs allege facts that could raise a plausible inference that they were harmed by it.  None allege that they lacked access to credit or debit cards, or other non-cash methods of payment, and were thus unable to use those forms of payment to satisfy the entrance fee.  (*Id.*)  Their contention instead appears to be that they were unable to pay by their preferred method, cash, and "chose not to" pay by other available methods based on principle, namely, their alleged belief that it was "their lawful right to pay in cash."  (*Id.* ¶¶ 2-3)

Plaintiffs base their claims on 31 U.S.C. § 5103, which states in relevant part that "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve

---

12, 2023).  Accordingly, the requirement of the local rules to produce an administrative record with the filing of this dispositive motion does not apply. *See id.*; *see also* LCvR 7(n).

banks and national banks) are legal tender for all debts, public charges, taxes, and dues."
Contending that the Park Service's alleged cashless entrance-fee program violates this statutory
provision, the Complaint asserts a claim under the APA to set the alleged program aside as contrary
to law (Count I) and seeks a declaration to the same effect under the Declaratory Judgment Act,
28 U.S.C. §§ 2201-02 (Count II).  Plaintiffs specifically ask the Court "to restore entrance to NPS
sites to those who cannot access non-cash payment methods" as well as to those like themselves
"who choose not to" by declaring the alleged "cashless entrance-fee payment scheme" to be
unlawful.  (Compl. ¶ 3)

## LEGAL STANDARD

### I.    Rule 12(b)(1) Standard

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) "presents a
threshold challenge to the Court's jurisdiction," and thus "the Court is obligated to determine
whether it has subject-matter jurisdiction in the first instance."  *Curran v. Holder*, 626 F. Supp.
2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted).  "[I]t is presumed that a
cause lies outside [the federal courts'] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of
Am.*, 511 U.S. 375, 377 (1994), unless the plaintiff can establish by a preponderance of the
evidence that the Court possesses jurisdiction.  *See, e.g.*, *United States ex rel. Digital Healthcare,
Inc. v. Affiliated Computer*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citing *Hollingsworth v. Duff*,
444 F. Supp. 2d 61, 63 (D.D.C. 2006)).  Thus, the "'plaintiff's factual allegations in the complaint
. . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for
failure to state a claim.'" *Id.* (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.
Supp. 2d 9, 13-14 (D.D.C. 2001) (internal citation and quotation marks omitted)).

When a defendant makes a facial challenge under Rule 12(b)(1), the district court must
accept the allegations contained in the complaint as true and consider the factual allegations in the

light most favorable to the non-moving party. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). Motions to dismiss based on a lack of standing are properly considered under Rule 12(b)(1) because standing is a "predicate[] to jurisdiction." *Bazzi v. Gacki,* 468 F. Supp. 3d 70, 75 (D.D.C. 2020).

## II.     Rule 12(b)(6) Standard

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. In ruling on a motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Jovanovic v. U.S.-Algeria Bus. Council*, 561 F. Supp. 2d 103, 110 (D.D.C. 2008).

Although "detailed factual allegations" are not necessary to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007). The facts alleged "must be enough to raise a right to relief above the speculative level," *id*. at 555, or must be sufficient to "state a claim for relief that is plausible on its face," *id*. at 570. The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).

## ARGUMENT

## I.     The Complaint Should Be Dismissed For Lack Of Standing

Plaintiffs' claims fail at the threshold for lack of standing. Standing is a necessary predicate to any exercise of federal jurisdiction and, when it is lacking, the dispute fails to present a concrete case or controversy under Article III. *Ariz. Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 133-34 (2011); *Dominguez v. UAL Corp.,* 666 F.3d 1359, 1361 (D.C. Cir. 2012). To establish standing, Plaintiffs each must demonstrate that they individually suffered an injury-in-fact,

specifically an injury that is "'concrete, particularized, and actual or imminent;'" that the injury is "'fairly traceable to the challenged action;'" and that it is "likely," not speculative, that the injury is "'redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l,* 568 U.S. 398, 409 (2013); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  Plaintiffs bear the burden of establishing each element.  *Lujan,* 504 U.S. at 561.  Standing, moreover, is "'not dispensed in gross.'" *Davis v. FEC*, 554 U.S. 724, 734 (2008).  "Rather, 'a plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought."  *Id.*  To meet their burden of establishing standing at the pleadings stage, Plaintiffs must "make a plausible allegation of facts establishing each element of standing."  *Cutler v. Dep't of Health & Hum. Servs.,* 797 F.3d 1173, 1179 (D.C. Cir. 2015).

Plaintiffs contend that 31 U.S.C. § 5103 requires the National Park Service to accept cash for entrance fees and that the Park Service has violated that statutory provision by implementing a "cashless entrance-fee payment scheme."  (Compl. ¶¶ 3, 24)   But, even if that were a correct reading of that statute (it is not as addressed in Section II below), Plaintiffs still must plausibly plead facts establishing that they personally were harmed by this alleged cashless program. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  Thus, even if section 5103 confers a right on individuals to pay cash as Plaintiffs allege, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.*  Instead, "Article III standing requires a concrete injury even in the context of a statutory violation" and, "[f]or that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement."  *Id.*

Here, the harm Plaintiffs allege to have experienced was their inability to access national park sites on the few occasions specified in the Complaint. (Compl. ¶¶ 19-21)  Although Plaintiffs allege that the acceptance of only non-cash payment methods "denies access to those without bank accounts (estimated to be 5.9 million American households) and the underbanked households without credit cards," they do not allege that they are among such households. (*Id.* ¶ 2)  They do not allege that they lack access to credit or debit cards or other methods of non-cash payment.[2] Instead, they place themselves in the category of individuals who "choose not to" utilize non-cash payment methods based on a perceived "lawful right" to pay in cash.  (*Id.* ¶¶ 2-3)

Plaintiffs cannot rely on principle or alleged harm to others to satisfy the jurisdictional requirement of standing but must have standing in their own right by pleading that they personally were harmed due to the challenged practice. *Spokeo,* 578 U.S. at 339-41.  Because Plaintiffs do not allege that they were unable to pay the entrance fee by non-cash methods, the challenged cashless entry program caused no harm to them personally.  To the extent they were unable to access a national park on the few occasions referenced in the Complaint, that lack of access was self-inflicted based on their refusal to pay the entrance fee other than in cash.  Accordingly, they were harmed not by the alleged cashless entry program but by personal choice.

Such voluntarily assumed harm is insufficient to satisfy the requirements for standing. *Huron v. Berry,* 12 F. Supp. 3d 46, 52 (D.D.C. 2013) (citing *Petro-Chem Processing, Inc. v. EPA,* 866 F.2d 433, 438 (D.C. Cir. 1989); *Grocery Mfrs. Ass'n v. EPA,* 693 F.3d 169, 177 (D.C. Cir. 2012)).  Indeed, the D.C. Circuit has "consistently held that self-inflicted harm doesn't satisfy the

---

[2] Their own allegations reflect that other non-cash payment options were available.  For instance, one of the Plaintiffs allegedly was advised that a "gift card"—presumably of a type that would serve the same function as a debit card—could be purchased at "local grocery stores" or "Walmart" with cash and used to pay the entrance fee.  (Compl. ¶ 21) There is no allegation in the Complaint that that option is infeasible or unavailable to Plaintiffs.

basic requirements for standing" because it is neither a cognizable "'injury'", nor is it "fairly traceable to the defendant's challenged conduct." *Nat'l Family Planning & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006).

Plaintiffs bear the burden of pleading sufficient factual allegations to meet each of the requirements for standing.  Because Plaintiffs have failed to plead an injury-in-fact traceable to the challenged conduct, the Complaint should be dismissed for lack of standing.

**II.      Section 5103 Does Not Require the Acceptance of Cash.**

Plaintiffs assert a claim under the APA on the sole basis that the alleged cashless entry program by the Park Service violates section 5103 and thus should be set aside as contrary to law pursuant to 5 U.S.C. § 706(2)(A).  (Compl. at 8)   But "[t]here is simply no legal support for the idea that '[section] 5103 requires . . . any . . . entity[] to accept payment in cash.'"  *Erdberg v. On Line Info. Servs., Inc.*, Civ. A. No. 12-3883, 2013 U.S. Dist. LEXIS 145760, at *13-14 (N.D. Ala. Oct. 9, 2013) (collecting cases).  The Third Circuit, for instance, has rejected "the proposition that [section] 5103 requires a local government (or any other entity) to accept payment in cash" and observed that "no court has so held."  *Picano*, 353 F. App'x at 735.

Section 5103 is properly understood as merely identifying United States "coins and currency" and "Federal reserve notes" as legal tender that can discharge a debt.  *See generally* James Steven Rogers, *The New Old Law of Electronic Money*, 58 SMU L. Rev. 1253, 1275 (2005). It has no bearing on "whether a provider of goods or services is obligated to take a certain payment device."  *Id*.  And, regardless, non-cash methods of payment—such as by credit or debit card—are not a restriction on "the substance of payment but on its form."  *Tenn. Scrap Recyclers Ass'n v. Bredesen,* 556 F.3d 442, 458 (6th Cir. 2009) (requirement that dealers pay for air conditioning coils (a common target for thieves) with a check or money order mailed to a licensed HVAC contractor after a three-day wait" does not violate section 5103).

Accordingly, the alleged cashless entrance-fee program is not contrary to section 5103.  As that is the sole basis for Plaintiffs' APA claim, Count I should be dismissed for failure to state a claim.  Moreover, because the Declaratory Judgment Act does not provide an independent cause of action, *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011), Count II should be dismissed for the same reason.

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and this action should be dismissed.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____*/s/ Jeremy S. Simon*_____
    JEREMY S. SIMON, D.C. Bar #447956
    Assistant United States Attorney
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*