**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ESTHER VAN DER WERF et al.,

   *Plaintiffs*,

v.

NATIONAL PARK SERVICE et al.,

   *Defendants*.

Civil Action No. 24-639 (TJK)

## MEMORANDUM ORDER

Plaintiffs sought to visit several United States national parks in early 2024 and pay their entrance fees in cash. But the National Park Service told them it would not accept payment in that form. So Plaintiffs sued, seeking a declaratory judgment that this policy violates federal law. Defendants move to dismiss, arguing in part that Plaintiffs have failed to adequately allege that they have standing to sue for such relief. The Court agrees and will dismiss the complaint, but not the case, and allow Plaintiffs to move to file an amended complaint.

### I.   Background

The National Park Service ("NPS") manages the Nation's "national parks, most national monuments, and other natural, historical, and recreational properties" and charges entrance fees to visitors. ECF No. 1 ¶¶ 11, 16. Plaintiffs are three would-be visitors who were told by NPS that they would have to pay their entrance fees in cash. Esther van der Werf and Elizabeth Dasburg, for example, emailed at least three different national parks they planned to visit, asking whether they accept cash. *Id.* ¶¶ 20–21. All responded that they did not. *Id.*[1] And Toby Stover "was

---

[1] Plaintiffs do not allege that van der Werf and Dasburg cancelled their plans as a result or were ever refused access to any national park.

refused entry by a [sic] NPS employee" to "the [Franklin D. Roosevelt] home in Hyde Park, New York" after she tried to pay her entrance fee in cash. *Id.* ¶ 19.

Plaintiffs then sued, alleging that NPS's refusal to accept cash violated "their right to pay in U.S. Currency." ECF No. 1 ¶ 27. More specifically, they allege that NPS's alleged policy to not accept cash violates 31 U.S.C. § 5103. *Id.* ¶ 28. They seek a "[d]eclaratory judgment setting aside" that alleged policy. *Id.* at 10. Defendants now move to dismiss, arguing that Plaintiffs have failed to adequately plead that they have standing and that they have failed to state a claim. ECF No. 13-1 at 1. The Court agrees that Plaintiffs lack standing, so it will dismiss the complaint.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), plaintiffs have the burden to establish a court's subject-matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Thus, they have the burden to establish standing. *Little v. Fenty*, 689 F. Supp. 2d 163, 166–67 (D.D.C. 2010). That burden "grows heavier at each stage of the litigation." *Osborn v. Visa Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). At the motion-to-dismiss stage, plaintiffs must show that they have alleged that they "suffer[ed] an 'injury in fact' that is both 'concrete and particularized' and either 'actual or imminent.'" *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). They must also allege that their injury was caused by a defendant's actions and is redressable by a favorable court ruling. *Id.* Moreover, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In evaluating a Rule 12(b)(1) motion, a court must "assume the truth of all material factual allegations in the complaint" while also "granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation omitted).

**III.     Analysis**

Defendants argue that Plaintiffs have failed to allege standing. The Court finds that they have failed to plausibly allege that they have suffered an injury in fact that is both "concrete and particularized" and either "actual or imminent" in support of the relief they seek. *Dearth*, 641 F.3d at 501 (quoting *Lujan*, 504 U.S. at 560). Recall that "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion*, 594 U.S. at 431. And where Plaintiffs "seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing. Rather, [Plaintiffs] must show [they are] suffering an ongoing injury or face[] an immediate threat of injury." *Dearth*, 641 F.3d at 501; *see also Animal Legal Def. Fund, Inc. v. Vilsack*, 111 F.4th 1219, 1224, 1227 (D.C. Cir. 2024) (noting that past injuries will support a claim for damages but not "declaratory and injunctive relief" under the Administrative Procedure Act ("APA")).

Here, Plaintiffs request prospective declaratory and quasi-injunctive relief to set aside NPS's policy. *See* ECF No. 1 at 10. Yet they only allege that they have been harmed *in the past*— that NPS deprived them of their right to pay in cash when they sought to visit the national parks in early 2024. *Id.* ¶¶ 19–21. They do not allege that they have any plans to visit national parks subject to NPS's policy in the future, much less the "concrete plans" necessary to "support a finding of the 'actual or imminent' injury that [Supreme Court precedent] require[s]." *Lujan*, 504 U.S. at 564. Their alleged injury, therefore, cannot confer standing for the sort of relief requested.

Plaintiffs counter that they have standing for three reasons, but none cure the deficiency identified above. First, they claim that the APA "confers 'standing' . . . to those 'aggrieved by agency action within the meaning of the relevant statute.'" ECF No. 14 at 13 (quoting *Omnipoint Corp. v. FCC*, 78 F.3d 620, 628 (D.C. Cir. 1996)). The problem for Plaintiffs is that this says nothing about constitutional standing under Article III. Plaintiffs cite *Omnipoint Corp. v. FCC*,

3

but their reference is misleading because the passage they identify refers to statutory standing under the APA. *Compare Omnipoint Corp.*, 78 F.3d at 628 (noting that parties had "standing under [the APA]" as they fell "within the zone of statutorily protected interests of" the statute at issue), *with Bennett v. Spear*, 520 U.S. 154, 162 (1997) ("Numbered among the[] prudential [(i.e., non-constitutional)] requirements [of standing] is the doctrine . . . that a plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit."). That Plaintiffs may have a cause of action or comply with prudential standing requirements under the APA does not establish constitutional standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571–78 (1992).

Second, Plaintiffs assert that NPS's policy violates "their legal right to use cash." ECF No. 14 at 13. This allegation does not fix their standing problem, either. True, "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue." *Warth v. Seldin*, 422 U.S. 490, 514 (1975). But Plaintiffs point to nothing that suggests Congress did so in 31 U.S.C. § 5103. *See Picano v. Borough of Emerson*, 353 F. App'x 733, 735 (3d Cir. 2009) ("Plaintiff has not even attempted to show that § 5103 creates such a [private] right or that he should benefit from it, and we do not believe that he could make such a showing."). And even then, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016).

Third, Plaintiffs claim that they were injured by NPS's "unequivocal denial of entry" to their desired national parks. ECF No. 14 at 13. As noted above, Plaintiffs do not allege that van der Werf or Dasburg were ever denied entry. ECF No. 1 ¶¶ 19–21. Even so, this claim fails for

4

the reasons just explained: a past injury cannot sustain a claim for forward-looking relief of the kind sought here. *Dearth*, 641 F.3d at 501.

## IV.  Conclusion and Order

For all the above reasons, Plaintiffs have not adequately alleged that they have standing to challenge NPS's alleged policy.  Thus, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 13, is **GRANTED**.  It is further **ORDERED** that the complaint, ECF No. 1, is **DISMISSED**.  It is further **ORDERED** that Plaintiffs may move for leave to file an amended complaint by March 7, 2025.[2]  Should they fail to do so, the Court will dismiss the case as well.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 21, 2025

---

[2] Plaintiffs request leave to amend in their opposition.  ECF No. 14 at 19.  But that is not the proper way to make such a request.  For one thing, a "request for leave to amend must be submitted in the form of a written motion, and . . . must state with particularity the grounds for seeking the order and state the relief sought." *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (alteration in original) (quotation omitted).  For another, Local Civil Rule 7(i) requires motions "for leave to file an amended pleading [to] be accompanied by an original of the proposed pleading as amended."