UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOBY STOVER,

    *Plaintiff*,

v.

NATIONAL PARK SERVICE et al.,

    *Defendants*.

Civil Action No. 24-639 (TJK)

**MEMORANDUM OPINION**

Toby Stover alleges that in January 2024, she tried to visit a National Park Service location—the Home of Franklin D. Roosevelt National Historic Site in Hyde Park, New York—and pay the entrance fee in cash. But an employee refused her payment and told her the site only accepted payment electronically. Unable to enter by paying in cash, she left. Now she sues the National Park Service, its Director, and the Department of the Interior, asking the Court to set aside the NPS's cashless policy and declare it contrary to federal statute. Defendants move to dismiss, arguing that Stover has not adequately pled that she has standing. The Court agrees that Stover has not plausibly alleged an injury in fact, and so she lacks standing. So it will grant the motion and dismiss the case.

**I.    Background**

Stover alleges that in January 2024 she tried to enter the Home of Franklin D. Roosevelt National Historic Site in Hyde Park, New York ("Hyde Park"), which is managed by the National Park Service (NPS). ECF No. 19 ("Am. Compl.") ¶ 20. She expressed interest in taking a tour and an NPS employee "asked for $10 which she attempted to hand to him." *Id*. But the employee "affirmed 'we don't take cash' and would not permit her to enter." *Id*. Stover alleges she "was

refused entry by a [sic] NPS employee even though she tendered U.S. Currency." *Id*. She says she "still wants to visit Hyde Park whenever she wants but will not do so if she continues to be denied her right to tender anything other than legal U.S. Currency." *Id*. ¶ 22.

Stover originally sued with two other plaintiffs who asserted similar claims focused on other NPS locations. ECF No. 1. With respect to Stover, that complaint only alleged that she "was refused entry by a [sic] NPS employee" to Hyde Park after she tried to pay her entrance fee in cash. *Id*. ¶ 19. The Court granted a motion to dismiss that complaint on the grounds that plaintiffs did not plausibly allege standing—because they lacked a sufficient injury in fact—but it allowed them a chance to file an amended complaint. ECF No. 17. Stover is the only original plaintiff who took up the Court's invitation. ECF No. 19. She again alleges that Defendants' refusal to accept cash violates the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), and the Legal Tender Statute, 31 U.S.C. § 5103. *Id*. ¶ 18. She again seeks declaratory and quasi-injunctive relief, asking this Court to declare that the NPS's cashless policy is contrary to federal law and must be set aside. *Id*. at 11 (Prayer for Relief). Defendants again move to dismiss, arguing that Stover has failed to plausibly allege she has standing and that she has failed to state a claim. ECF No. 22-1 at 1.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), plaintiffs have the burden to establish a court's subject-matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Thus, they have the burden to establish standing. *Little v. Fenty*, 689 F. Supp. 2d 163, 166–68 (D.D.C. 2010). That burden "grows heavier at each stage of the litigation." *Osborn v. Visa Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). At the motion-to-dismiss stage, to establish Article III standing, plaintiffs must show that they have alleged that they "suffer[ed] an 'injury in fact' that is both 'concrete and particularized' and either 'actual or imminent.'" *Dearth v. Holder*, 641 F.3d

499, 501 (D.C. Cir. 2011) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). They must also allege that their injury was caused by a defendant's actions and is redressable by a favorable court ruling. *Id*. Moreover, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In evaluating a Rule 12(b)(1) motion, a court must "assume the truth of all material factual allegations in the complaint" while also "granting plaintiff[s] the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation omitted).

### III.   Analysis

The Court finds, again, that Stover has failed to plausibly allege that she suffered an injury in fact that is both "concrete and particularized" and either "actual or imminent," in support of the relief she seeks. *Dearth*, 641 F.3d at 501 (quoting *Lujan*, 504 U.S. at 560). To overcome this jurisdictional hurdle, Stover must show she has standing for each form of relief sought. *See TransUnion*, 594 U.S. at 431. And where a plaintiff seeks "declaratory and injunctive relief," as Stover does exclusively, "past injuries alone are insufficient to establish standing. Rather, [a plaintiff] must show [she] is suffering an ongoing injury or faces an immediate threat of injury." *Dearth*, 641 F.3d at 501; *see also Animal Legal Def. Fund, Inc. v. Vilsack*, 111 F.4th 1219, 1227 (D.C. Cir. 2024) (noting that past injuries will support a claim for damages but not "declaratory and injunctive relief" under the APA).

In her amended complaint, Stover requests declaratory and quasi-injunctive relief to set aside the NPS's cashless policy. *See* ECF No. 19 at 11 (Prayer for Relief). For the same reasons the Court already explained, to the extent she alleges that she has been harmed in the past—that the NPS deprived her of her purported right to pay in cash when she sought to visit Hyde Park in January 2024—those allegations are insufficient. *See* ECF No. 17. They do not at all allege that

3

she "is suffering an ongoing injury or faces an immediate threat of injury." *Dearth*, 641 F.3d at 501.

Stover has added one forward-looking allegation to the amended complaint: that she "still wants to visit Hyde Park whenever she wants but will not do so if she continues to be denied her right to tender anything other than legal U.S. Currency." ECF No. 19 ¶ 22. For two reasons, this allegation does not help her plausibly allege an injury in fact, either.

First, Stover's allegation does not establish an *imminent* injury. To establish standing at the pleading stage based on such an injury, a plaintiff must plausibly allege either that the "threatened injury is certainly impending" or at least that "there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation modified). A "substantial risk" of future harm is more than a "possible future injury" or even an "objectively reasonable likelihood" of future injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10, 414 n.5 (2013) (emphasis removed). Nonspecific allegations of the potential for future harm do not suffice: "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury." *Lujan*, 504 U.S. at 564.

Stover does not allege that any injury to her is imminent, or that she has any plans to visit Hyde Park, or any other similar NPS site. At best, she alleges the kind of "some day" intention to return there, without any description of concrete plans, that the Supreme Court found insufficient in *Lujan*. 504 U.S. at 563–64. In fact, her new allegation is best characterized as removing all doubt that she will *not* suffer an imminent injury—because she alleges that she "will not" visit Hyde Park so long as the NPS's cashless policy remains in place. ECF No. 19 ¶ 22. Whatever Stover "wants" to do is of no moment without any concrete plans on her part to visit Hyde Park

again and try to pay the entrance fee in cash.[1]  *Id*.  Thus, because she has not alleged that she will suffer an imminent injury, she has not alleged an injury in fact required for Article III standing.

Second, Stover's allegation does not describe a *concrete* injury.  Concreteness requires that a plaintiff's injury be "real, and not abstract."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (citation modified).  A "real" injury can be "tangible," as with monetary harms, or "intangible," as with reputational harms.  *TransUnion*, 594 U.S. at 425.  But a mere "injury in law" does not establish concreteness.  *Id*. at 427.

Even if Stover had plausibly alleged that she planned to return to Hyde Park or any other similar NPS site, any injury flowing from the alleged NPS policy would not be sufficiently concrete to satisfy standing.  That is so because Stover has not alleged that she cannot pay the entrance fee electronically.  In fact, she readily admits that she "has the necessary means" to do so.  ECF No. 23 at 17.  Thus, because the alleged NPS policy Stover challenges does not prevent her from visiting Hyde Park or any other similar NPS site, she has not alleged that it inflicts an injury in fact on her.  Rather, what Stover would suffer if required to pay electronically is an "injury in law," *TransUnion*, 594 U.S. at 427, "the violation of some abstract legal right without real-world effect on the plaintiff," *Cherokee Nation v. U.S. Dep't of the Interior*, 643 F. Supp. 3d 90, 106 (D.C. Cir. 2022).  In other words, her principled objection to paying electronically, without anything preventing her from doing so, "is not a 'real' injury under standing's concreteness requirement."  *Id.*[2]

---

[1] To the extent that Stover alleges that she suffers ongoing injury from her choice to stay away from Hyde Park or any other similar NPS site while the alleged NPS policy she challenges is in place, that choice is an injury "of [her] own making."  *Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006).  Such "self-inflicted harm," the D.C. Circuit has consistently held, "doesn't satisfy the basic requirement for standing."  *Id.*

[2] If Stover chose not to enter Hyde Park because of this principled objection, as she alleges she did in January 2024, that too would be a "self-inflicted harm" that would not satisfy the injury-in-fact requirement.  *Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc.*, 468 F.3d at 831.

Stover's failure to allege a concrete injury is a second, independent reason she has not alleged an injury in fact.

Finally, as Stover did before, she also points to statutory standing under the APA and her "lawful right to tender U.S. currency" under the Legal Tender Statute as reasons she has standing to assert her claims. ECF No. 23 at 20, 23. But statutory standing, even if it exists here, is not a substitute for Article III standing. *See Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."); *see also TransUnion*, 594 U.S. at 423. Although Congress can create statutory rights and entitlements, that power "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341.

### IV.  Conclusion

For all the above reasons, Stover has not adequately alleged that she has Article III standing to bring this suit. Thus, the Court will grant Defendants' motion to dismiss for lack of subject-matter jurisdiction and dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 3, 2025